|  |  |
|---|---|
| GAYLE D. HANKS,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITY OF SHORELINE et al,<br><br>                    Defendants. | CASE NO. 21-CV-00600<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on Plaintiff Gayle Hanks' motions for appointment of counsel. Dkt. Nos. 1-5, 6, 12. Also before the Court are several supporting exhibits, documents, and "letters." Dkt. Nos. 9, 14–20. Having reviewed the record, the Court DENIES the motions.

**BACKGROUND**

Ms. Hanks initiated this litigation *pro se* by moving for leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 1. She is suing the City of Shoreline, the Shoreline Police, and two private individuals for allegedly poisoning her and her yard with toxic chemicals. Dkt. No. 1-1 at 1, 3–5; Dkt. No. 5 at 1, 3–5. The Magistrate Judge recommended denying Ms. Hanks' IFP application after determining that she had the financial means to pay the filing fee, and Ms.

Hanks thereafter paid the full filing fee. Dkt. No. 4 at 1. The Court then docketed her complaint and issued a Minute Order finding the Magistrate Judge's Report and Recommendation moot in light of payment. Dkt. 10 at 1. Ms. Hanks now has three pending motions for appointment of counsel. Dkt. Nos. 1-5, 6, 12.

**DISCUSSION**

Ms. Hanks urges appointment of counsel on several grounds. She alleges that she has unsuccessfully approached hundreds of attorneys over the last four years, and attributes this failure to retain private counsel to insufficient personal funds and conflicts of interest. Dkt. No. 1-5 at 2; Dkt. No. 6 at 2; Dkt. No. 12.

"[C]ivil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). This is true even if the Court construes Ms. Hanks' claims as a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). And while 28 U.S.C. § 1915(e)(1) allows the Court to appoint counsel for litigants proceeding IFP in "exceptional circumstances," *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), that statute is inapplicable here because Ms. Hanks is not proceeding IFP. The Magistrate Judge recommended that the Court deny Ms. Hanks' IFP application after determining that she possessed the means to pay the filing fee, a fee which Ms. Hanks did in fact pay. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that *indigent* litigants have meaningful access to the federal courts.") (emphasis added); *Jackson v. Boeing Co.*, No. C21-654-MJP, 2021 WL 4168988, at *1 (W.D. Wash. Sept. 14, 2021) ("[A]s demonstrated by Plaintiff's ability to pay the filing fee, it appears Plaintiff has some funds available to retain an attorney.").

In any event, Ms. Hanks has failed to establish the "exceptional circumstances" that

would warrant appointment of counsel. She has not shown a likelihood of success on the merits or that her claims present complex legal issues beyond a *pro se* litigant. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

First, and even construing her *pro se* pleadings liberally, *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016), Ms. Hanks has failed to set forth facts sufficient to establish a plausible § 1983 claim, let alone demonstrate a likelihood of success on the merits. A § 1983 claim requires a plaintiff to prove "that the defendant deprived h[er] of a 'constitutional right while acting under color of state law.'" *Herrera v. Los Angeles Unified Sch. Dist.*, 18 F.4th 1156, 1158 (9th Cir. 2021) (quoting *Tatum v. City & Cnty. Of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006)). Ms. Hanks has instead offered a series of conclusory allegations, including that she was the victim of a "hate crime," "lied about," "defamed," and poisoned with "toxic smoke [and] chemicals in [her] yard." Dkt. No. 5 at 3, 5. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (a plaintiff must supply more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "mere conclusory statements").

Second, Ms. Hanks' claim is not legally or factually complex. *Cf. Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–1104 (9th Cir. 2004) (*pro se* prisoner's meritorious case had "triple complexity" that required skillful framing and advanced legal knowledge of *Bivens* actions, the Federal Tort Claims Act, and the Federal Bureau of Prisons' regulations). That she might more articulately set forth the facts underlying her claim with the assistance of counsel is not the test. *Steiner v. Hammond*, No. C13-5120-RBL/KLS, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). Nor does her unsuccessful struggle to retain private counsel qualify as an exceptional circumstance. *See Curbow v. Clintsman*, No. 2:21-CV-1420-TLF, 2021 WL

ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL - 3

1  5051662, at *1 (W.D. Wash. Nov. 1, 2021) ("However, the inability to obtain counsel due to cost or lack of availability, is not an exceptional circumstance[.]").

## CONCLUSION

Ms. Hanks' motions for appointment of counsel are accordingly DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of January, 2022.

*Lauren King*

Lauren King
United States District Judge

ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL - 4